[No. 28907. Department One. October 16, 1942.]

THE STATE OF WASHINGTON *on the Relation of James L. Boze, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *E. D. Hodge, Judge, Respondent.*[1]

*Burton W. Lyon, Jr.*, and *Leo Teats*, for relator.

*Metzger, Blair & Gardner*, and *G. E. Peterson*, for respondent.

PER CURIAM.—Relator, a duly registered voter within the district in question, instituted a proceeding in the superior court for Pierce county to compel the officials constituting the election canvassing board for that county to disregard the filing of the declaration of candidacy by David L. Stone, a retired major general of the United States army, for the office of state senator for the twenty-sixth senatorial district on the Democratic ticket, the placing of his name on the primary

[1]Reported in 129 P. (2d) 776.

election ballot, and any votes received by that candidate in the primary election; and to refrain from certifying General Stone as the nominee for the office for which he had filed and from placing his name on the general election ballot as a candidate for that office. The proceeding was brought on the theory that General Stone is ineligible, under § 14, Art. II, of the state constitution, reading, so far as material, as follows:

"No person . . . holding any civil or military office under the United States . . . shall be eligible to be a member of the legislature; . . . "

Demurrer to the petition, on the ground that the court did not have jurisdiction of the subject matter of the proceeding, was sustained, and the petition dismissed on authority of § 8, Art. II, of the state constitution reading as follows:

"Each house shall be the judge of the election, returns, and qualifications of its own members, . . . "

The cause is before us on application of the relator for review of the judgment of dismissal of the action.

The determination of the eligibility of candidates for elective office, under the provisions of our constitution, constitutes the exercise of judicial power. *State ex rel. McAulay v. Reeves,* 196 Wash. 1, 81 P. (2d) 860. In exercising the power to judge of the qualifications of its members, each body of the state legislature acts as a judicial tribunal. See *Barry v. United States,* 279 U. S. 597, 616, 73 L. Ed. 867, 49 S. Ct. 452. The people, through the constitution, granted this particular judicial power exclusively in that house of the legislature to which the candidate is an aspirant.

The judgment is affirmed.