[No. 29378. *En Banc.* May 27, 1944.]

THE STATE OF WASHINGTON *on the Relation of Frank McCaffrey, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Howard M. Findley, Judge, Respondent.*[1]

[1]Reported in 149 P. (2d) 156.

*Henry Clay Agnew,* for relator.

*Lloyd Shorett* and *Wm. R. Bell,* for respondent.

STEINERT, J.—This is a certiorari proceeding in which the relator seeks review of the record of the superior court for King county wherein a judgment was entered denying relator's petition for a writ of mandate to compel the auditor of that county to place relator's name on the official ballot to be used at the forthcoming primary election, as a candidate for nomination to the office of county commissioner.

There is no dispute as to the facts, which are as follows: On May 11, 1944, which was the last day for filing declarations of candidacy for nomination at the primary election to be held July 11, 1944, relator filed with the auditor of King county a written statement declaring himself to be a candidate for nomination to the office of county commissioner, *first district,* of that county, and therewith paid the necessary filing fee. The auditor thereupon accepted and filed the declaration, which reads as follows:

"STATE OF WASHINGTON } ss.
   COUNTY OF KING

"I, FRANK McCAFFREY, declare upon honor that I reside at (*present address 5817 Brooklyn Avenue — residence will be established within required legal time in the First District*) County of King, State of Washington, and am a qualified voter therein and a member of the Republican party, that I hereby declare myself a candidate for nomination to the office of County Commissioner, *First District,* to be made at the primary election held on the 11th day of July, 1944, and hereby request that my name be printed upon the official primary ballot as provided by law as a candidate of the Republican party, and I accompany herewith the sum of Thirty Eight Dollars, the fee required by law of me for becoming such candidate.

  "Subscribed this 11th day of May, 1944

      "(Signed) FRANK McCAFFREY" (Italics ours.)

Rem. Rev. Stat. (Sup.), § 5180 [P. C. § 2226], relating to declaration of candidacy, provides:

"The name of no candidate shall be printed upon the official ballot used at any primary election unless at least thirty (30) and not more than sixty (60) days prior to such primary, a declaration of candidacy shall have been filed by him, as provided in this act, in the following form:

"I, ................................, declare upon honor that I reside at No. ................................ street, ................................(city or town of) ................................, county of ................................, state of Washington, and am a qualified voter therein, and a member of ................ party, that I hereby declare myself a candidate for nomination to the office of ................................, to be made at the primary election to be held on the ................ day of ................, and hereby request that my name be printed upon the official primary ballot as provided by law as a candidate of the ................................ party, and I accompany herewith the sum of ................................ dollars, the fee required by law of me for becoming such candidate.

"Subscribed this ................ day of ................, 19................

................................................................
"

It will be noted that this statute does not require the candidate to certify his eligibility to the office which he seeks. It will also be observed that relator's declaration as filed follows the form prescribed by the statute, supplying the additional information called for by the blank spaces, all exactly as required by the statute, except that, instead of stating unqualifiedly his street and city address, he inserted the parenthetical statement "present address 5817 Brooklyn Avenue—residence will be established within required legal time in the First District."

At the time of filing his declaration, relator was not a resident of, nor a qualified elector in, the first district, but was a resident of, and a registered voter in, the third district. For that sole reason, the county auditor refused, and publicly stated his intention to refuse, to print or place relator's name on the official primary ballot.

Relator thereupon on May 15, 1944, subscribed and swore to a petition for the issuance of a writ of mandate from the superior court directing the auditor to place the petitioner's name on the ballot as a candidate for nomina-

tion to the office of county commissioner for the first district. On the following day, he made an affidavit in support of his petition, reading as follows:

"STATE OF WASHINGTON }
County of King } ss.

"Frank McCaffrey on oath says: I am the relator herein; that the allegations of the petition are true.

"That at the time of filing my declaration of candidacy I maintained my home for myself and family in another commissioner district; I was therefore not at that time a qualified elector of the district for which I filed. At that time I intended to become one, and I have since become a resident of such district, and can register as a voter therein as soon as the law permits."

Upon the facts as hereinabove stated, considered as having been alleged in the petition for a writ of mandate, the superior court sustained a general demurrer to the petition and, upon relator's election to stand on his demurrer, entered judgment denying the petition and dismissing the cause. Relator thereupon instituted this certiorari proceeding.

Rem. Rev. Stat., §§ 4042, 4043 [P. C. §§ 1692, 1692a], provide:

§ 4042. "One county commissioner *shall be elected from among the qualified electors of each of said districts* by the qualified electors of the *county,* and the person receiving the highest number of votes for the office of commissioner for the district in which he resides shall be declared duly elected from that district." (Italics ours.)

§ 4043. "The qualified electors of *each county commissioner district, and they only, shall nominate from among their own number, candidates* for the office of county commissioner of such commissioner district to be voted for at the following general biennial election. Such candidates shall be nominated in the same manner as candidates for other county and district offices are nominated, except as above provided." (Italics ours.)

It will be noted that these sections of the statute provide that one commissioner from among the qualified electors of each district shall be *elected* by the qualified electors

of the *county*, but that such commissioner shall be *nominated* (at a primary election) only by the qualified electors of such *district*.

Respondent contends that the relator did not fulfill the requirements of these sections of the statute, or of Rem. Rev. Stat. (Sup.), § 5180, quoted above, because at the time of filing his declaration of candidacy he was not an elector, a voter, or a resident of the first county commissioner district, and therefore he was neither qualified nor entitled to have his name placed upon the official primary ballot. Many cases, said to support that contention, are cited by the respondent. On the other hand, relator as stoutly contends that, since these sections of the statute do not specifically fix the time at which the qualifications must exist, the statutory requirements must therefore be held to relate not to the time of filing the declaration of candidacy, but only to the time of the election, or possibly to the time of taking office after election; and that, since his residence is now, and at the time of the election to be held on July 11, 1944, will be, established in the first district, he is entitled to have his name go on the official ballot used in that election. Relator likewise cites many authorities said to support his contention.

As both counsel say, this is an emergency case, requiring a decision at the earliest possible moment. We therefore have not been able to consider these cited authorities, or others that might be discovered upon independent research, as closely and carefully as the particular question would merit. However, we have examined and, in conference, have considered them with sufficient care and attention to become convinced that the question thus raised is not only an exceedingly important one, but also is very complex. Since the views of the several members of this court are at present, however, variant and divergent upon that question, we are agreed that it should not be decided without more mature reflection and possibly further study and argument by counsel for litigants who may be affected thereby. Our conclusion in this respect is the more readily adopted because there is another ground upon which the

case can be decided and upon which the members of this court do the more nearly agree.

As stated above, the question with reference to the point of time at which the required qualifications for office shall exist is a very complex one. Indubitably, it is a judicial question, as is apparent from the wealth and contrariety of judicial opinion on the subject.

■ Inherent in the action of the county auditor in refusing to place relator's name on the official ballot was his decision that the relator was ineligible to be a candidate for that office. The auditor took that position solely on the ground that relator was ineligible because, *at the time of filing his declaration,* he was not a resident of, or a qualified voter in, the first district. Not only was that the express reason for his action, but also was it implicit in his decision. The auditor was, however, only an administrative officer, in so far as the filing of declarations of candidacy and the preparation of ballots are concerned. He had no power to determine the complex judicial question affecting relator's eligibility.

In *State ex rel. McAulay v. Reeves,* 196 Wash. 1, 81 P. (2d) 860, the relator presented to the secretary of state his declaration of candidacy for the office of judge of the supreme court, accompanied by the required fee. The declaration was in the form prescribed by Rem. Rev. Stat. (Sup.), § 5180, which is the same statute involved here. The secretary of state decided that the relator was legally ineligible to that office and therefore refused to accept and file his declaration of candidacy. In granting a writ of mandamus directing the secretary of state to accept and file the declaration, we took occasion to analyze the case of *State ex rel. Chealander v. Carroll,* 57 Wash. 202, 106 Pac. 748, and then said:

"We do not think the rule laid down in that case should be further extended. In fact, to hold that the respondent [secretary of state] in the instant case had the right to make a determination of the relator's [McAulay's] eligibility for the office for which he desired to file would be something more than a mere extension of the narrow rule of the

*Chealander* case. It would amount to a judicial decision that it is the right of every filing officer to determine the eligibility of candidates as to whose eligibility a colorable question can be raised, and to determine it according to that officer's individual construction of constitutional provisions and statutes and according to his individual findings of fact, with the added danger that, in times of stress, his determination might be influenced by his prejudices or by partisan considerations. We find nothing in our statutes or in our decisions indicating that such powers have been conferred upon such officers. The right to exercise a power so sovereign in its nature as the judicial power cannot be successfully spelled out by mere inference or conferred by judicial decision.

"Since, in our opinion, the relator was denied a substantial right, and this, whether or not he is, in fact, eligible to the office for which he desires to become a candidate—upon which question we express no opinion—he is entitled to the relief prayed for."

Accord: *State ex rel. Huff v. Reeves,* 5 Wn. (2d) 637, 106 P. (2d) 729, 130 A. L. R. 1465; *State ex rel. Boze v. Superior Court,* 15 Wn. (2d) 147, 129 P. (2d) 776.

On rehearing *En Banc* in the *McAulay* case, *supra,* the *Chealander* case, *supra,* was expressly overruled, and with that modification the departmental opinion in the *McAulay* case was adopted as the majority opinion of this court.

If the secretary of state has no such power as that exercised by her in the *McAulay* case, *supra,* then the county auditor does not have it; and if the auditor does not have the authority, under such circumstances as are here present, to refuse to accept the relator's declaration of candidacy, then much less, in our opinion, would he have the right, after accepting and filing the declaration, to refuse to place relator's name upon the official ballot. If the county auditor had announced that he would place relator's name on the ballot, and pursuant thereto some proper party had begun an action to restrain him from so doing, thus presenting directly to the court a judicial question as to relator's eligibility, we would be faced with a different situation, on which we need express no opinion now.

Without making any attempt to define or describe the

scope and extent of the rule on which the *McAulay* case, *supra,* was based, we give it as our considered opinion that the facts in this case are, as were those in that case, of such grave significance as to demand the application of the rule in its full vigor. In coming to that conclusion, we are not to be understood as expressing any opinion on the question of whether the relator is, in fact, eligible to the office for which he seeks to become a candidate. That is a question which will have to be decided if the occasion therefor should ever arise by reason of the result of the election to be had. Should the legislature provide, by statute, the time at which eligibility to file for office must exist, it would greatly clarify the matter in future cases.

The judgment of the superior court is reversed, with direction to that court to issue a peremptory writ of mandate commanding the county auditor to place relator's name upon the official primary ballot as a candidate for the office referred to above.

In view of the existing emergency, the remittitur herein will be sent to the superior court forthwith on the filing of this opinion.

SIMPSON, C. J., BEALS, MILLARD, ROBINSON, JEFFERS, MALLERY, and GRADY, JJ., concur.